# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **SAFFIRE VAPOR HOLDINGS, LLC,** | ) |
| | ) Case No. 3:18-cv-00351 |
| Plaintiff, | ) |
| | ) **JUDGE CRENSHAW** |
| v. | ) |
| | ) **MAGISTRATE JUDGE HOLMES** |
| **PAUL DIBRITO and KURE CORPORATION** | ) |
| | ) **JURY DEMANDED** |
| Defendants. | ) |

___

## ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER
___

Upon consideration of the application by Saffire Vapor Holdings, LLC ("Saffire Vapor") for a Temporary Restraining Order against Paul DiBrito ("DiBrito") and Kure Corporation ("Kure") (collectively "Defendants"), the record before the Court, including Saffire Vapor's Verified Complaint, and good cause being shown therein, the Court determines the following:

1. The rights of Saffire Vapor with respect to its property, trade secrets, proprietary and confidential information and competitive interests are being violated and will continue to be violated by Defendants unless they are restrained therefrom;

2. Saffire Vapor will suffer irreparable harm and loss if Defendants are permitted to use the trade secrets and confidential information of Saffire Vapor for Defendants' benefit;

3. Saffire Vapor has demonstrated a substantial likelihood of success on the merits on its claims for misappropriation of trade secrets, breach of contract, breach of fiduciary duty and duty of loyalty;

4. Saffire Vapor has no adequate remedy at law;

5. Greater injury will be inflicted upon Saffire Vapor by denying the temporary relief than would be inflicted upon Defendants by granting such relief; and,

6. The public interest warrants granting Saffire Vapor the extraordinary relief requested.

**IT IS HEREBY ORDERED AND DECREED THAT:**

1. A Temporary Restraining Order issue immediately against Paul Dibrito and Kure Corporation and that security in the amount of $2,500 be posted no later than the 13th day of April, 2018;

2. A Temporary Restraining Order issue immediately enjoining Paul Dibrito and Kure Corporation, either directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee and/or representative of them, until further Order of this Court, from:

    a. using, either directly or indirectly, any of Saffire Vapor's information obtained by DiBrito while employed by Saffire Vapor;

    b. destroying or otherwise altering any evidence related to the allegations in this matter, including all evidence of the recruitment, compensation, and employment of DiBrito;

3. Paul Dibrito and Kure Corporation, and anyone acting in concert or participation with them, are further ordered to cease any use and return to Saffire Vapor all documents, data, and other property of Saffire Vapor, including any external drives used to upload or transfer electronic information from Saffire Vapor's network or any other devices used to obtain Saffire Vapor's trade secrets and other confidential and proprietary information, within twenty-four (24) hours of notice of the terms of this Order to Defendants or their counsel;

4. Paul Dibrito and Kure Corporation, and anyone acting in concert with them, are enjoined from retaining, in any form, the information described in Paragraph 3 of this Order;

5. The Court's Order shall remain in full force and effect until April 25, 2018.

6. The Motion for a Preliminary Injunction is **REFERRED** to the Magistrate Judge to determine the extent of the limited discovery, if any, the parties need prior to the hearing. The Magistrate Judge will set a briefing schedule so that the Motion is briefed after the limited discovery is completed, and give the Court a target Preliminary Injunction hearing date. The parties shall estimate the length of the hearing. The parties are advised that the Court requires any witness that will testify at the hearing to be made available for deposition at least seven days prior to the hearing.

Dated this 11th day of April, 2018, at 11:32 a.m.

_____
Waverly D. Crenshaw, Jr.
Chief United States District Judge